1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    DONNIE ROBINSON,                          CASE NO. 1:03-CV-5859-OWW-DLB-P

10                    Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DEFENDANTS' MOTION
11          v.                                  TO DISMISS BE GRANTED

12   ADAM DENNIS, et.al.,                       (Doc. 47)

13                    Defendants.
                                          /
14

15   I.     Defendants' Motion to Dismiss

16          A.     Procedural History

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's third amended complaint, filed

19   March 24, 2005, against defendants Dennis, Martin, Prosper, Kramer, Grannis, Lucas, and Manuel

20   ("defendants") for violating his due process rights under the Fourteenth Amendment.  Plaintiff

21   alleges he was found guilty of a disciplinary violation where the rules violation report was untimely

22   served and fraudulent; he was denied witnesses and the opportunity to present a defense; and the

23   hearing officer relied on hearsay from informants who had no first hand knowledge.  Plaintiff sues

24   for injunctive relief as well as compensatory and punitive damages.

25          The Court found plaintiff's amended complaint to state cognizable claims on July 14, 2004.

26   After defendants were served, plaintiff sought and defendants did not oppose, leave to file a third

27   amended complaint.  Upon service of the third amended complaint, on May 17, 2005, pursuant to

28   Federal Rule of Civil Procedure 12(b)(6), defendants filed the present motion to dismiss for failure

to state any claims upon which relief may be granted.  Plaintiff filed an opposition to the motion on May 31, 2005.  Defendants did not file a reply.

B.    Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.

2

1    41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th

2    Cir. 1981).

3         C.    Discussion

4         Defendants argue they are entitled to dismissal because plaintiff has not had his disciplinary

5    conviction set aside in another proceeding.  Defendants argue that the net result of the disciplinary

6    violation plaintiff seeks to have expunged was seven months in segregation and 85 days of lost time

7    credits.  Defendants argue plaintiff fails to state a claim because: (1) as to the duration of his

8    confinement, habeas corpus is his sole federal remedy; and (2) his due process claim is barred by the

9    favorable termination rule, which requires that his disciplinary conviction be set aside in some other

10   proceeding prior to a suit for money damages.

11        Based on the allegations in the third amended complaint and the exhibits attached thereto,

12   it appears that on February 3, 2002, plaintiff was housed in administrative segregation for allegedly

13   assaulting inmate John Powell.  Third Amended Complaint, ¶ 25 and Exhibit C.  On March 25,

14   2002, plaintiff was issued a rules violation report charging him with battery with a weapon.  Id. ¶ 29

15   and Exhibit D.  Plaintiff was found guilty of the offense, assessed 360 days forfeiture of credits and

16   referred to the institutional classification committee (ICC) for a program and assignment review with

17   a SHU term recommended.  Id. ¶ 47 and Exhibit D.  On May 30, 2002, the ICC imposed a 15-month

18   SHU term.  Id. ¶ 51 and Exhibit E.  Plaintiff appealed the rules violation report and his second level

19   review partially granted his appeal because it was found the time constraints had not been followed.

20   Third Amended Complaint, Exhibit F.  The 360 day credit forfeiture was therefore disallowed;

21   however, the reviewer found that sufficient information supported the hearing officer's finding of

22   guilt and declined to set aside the disciplinary offense conviction and SHU referral.  Id.  Thereafter,

23   the ICC suspended the remaining balance of plaintiff's SHU term, but did not rescind the

24   disciplinary offense conviction.  Third Amended Complaint, Exhibit I.  Plaintiff continued to appeal

25   various aspects of the rules violation report, but in none of these appeals was the disciplinary offense

26   conviction rescinded nor was the SHU term rescinded.  See Third Amended Complaint, Exhibits K,

27   L, M, N and G.

28        In the final appeal, plaintiff challenged the change to his work/privilege group status and

consequent 85-day loss in time credits while he was in ad seg and the SHU.  Third Amended Complaint, Exhibit O.  This appeal was denied at the first level where the reviewer found that plaintiff's work privilege status was properly assessed with his placement in ad seg.  *Id*.  Both the second and third level reviewers concurred.  *Id*.

In plaintiff's prior complaint, it appeared that plaintiff's disciplinary conviction had been overturned.  However, after carefully reviewing plaintiff's third amended complaint and the exhibits attached, it is clear to the Court that plaintiff's disciplinary conviction was not in fact overturned and the relief plaintiff seeks necessarily affects the duration of his sentence.  After plaintiff's appeal, it was determined that certain time constraints were not met and therefore the 360 day forfeiture was disallowed.  However, the disciplinary offense conviction was not set aside nor was the 15 month SHU term.  Thereafter plaintiff's 15 month SHU term was suspended but the disciplinary offense conviction was not still not rescinded.  As defendants point out, the net result of plaintiff's disciplinary conviction, which is the subject of his complaint, was approximately seven months in segregation and a resulting 85 days of lost time credits which occurred as a result of a change in his work/privilege group while plaintiff was in ad seg and the SHU.  Plaintiff seeks damages and injunctive relief based on alleged due process violations in the rules violation report and hearing.  As pointed out by defendants, under these circumstances, a section 1982 claim is barred.

Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.  Plaintiff argues that the portion of the disciplinary ruling affecting his sentence was overtured.  However, the exhibits attached to his complaint reveal otherwise.  While a portion of his time credits were restored, the net result of his disciplinary violation was an overall time credit forfeiture.  Because a

finding in this action that plaintiff's due process were violated  would bring into question the duration of plaintiff's sentence, plaintiff's claims are barred until such time as plaintiff challenges the rules violation via a writ of habeas corpus.

D.      Conclusion

_____Based on the foregoing, the court HEREBY RECOMMENDS Defendants' motion to dismiss, filed May 18, 2005, be GRANTED, concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 30, 2006**                        **/s/ Dennis L. Beck**
3c0hj8                                          UNITED STATES MAGISTRATE JUDGE